**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Terry J. Howard,**

         **Case No. 3:03-cv-247**

    **Plaintiff,**

         **Judge Thomas M. Rose**

**v.**

         **Chief Magistrate Judge Michael R. Merz**

**Donald Rumsfeld, Secretary of Defense,** *et al.***,**

    **Defendants.**

___

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE** (DOC. 29) **AND DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE.**
___

   This matter is before the Court on Plaintiff's Objection to a Report and Recommendation to dismiss the instant action.  Doc. 29.  (Objections are at Doc. 30).  The case stems from decisions by Defendants to promote individuals other than Plaintiff Terry J. Howard.  Plaintiff claims that his employer, Defendant the Defense Contract Management Agency and Co-Defendant Donald Rumsfeld, the Secretary of Defense, violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.*, and breached the collective bargaining agreement that governs his employment.  Doc. 1.  Defendants have moved for summary judgment on all claims.  Doc. 20.

   According to Defendants, Plaintiff has failed to exhaust his procedural remedies with regard to his contract claims and certain Title VII claims and failed to produce evidence of a *prima facie* case on the claims where he has exhausted his administrative remedies.  Doc. 20.  Plaintiff's response does not contest the asserted failures to exhaust administrative remedies, but claims that a *prima facie* case of employment discrimination is supported by the evidence admissible at trial in

the claims where he has exhausted remedies. Doc. 22. The matter was referred to Chief Magistrate Judge Michael R. Merz, whose Report and Recommendation urges the Court to enter judgment for Defendants on all claims. Doc. 29.

Plaintiff has objected to the report and recommendation. Doc. 30. The Court has made a *de novo* review of the record in the case as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b). Upon said review, the Court finds that Plaintiff's objections to the Magistrate Judge's Report and Recommendations are not well taken.

Plaintiff primarily decries the manner in which the magistrate judge reviewed the evidence, construing it in the light most favorable to Plaintiff, but not disbelieving any evidence that does not support Plaintiff's position. In support of this contention, Plaintiff cites *Reeves v. Sanderson Plumbing Prod., Inc.*, 120 S. Ct. 2097 (2000). Plaintiff would have the Court abide by text in *Reeves* which states that the Court "must disregard all evidence favorable to the moving party that a jury is not required to believe." *Id.* Unfortunately for Plaintiff, the Sixth Circuit has already rejected Plaintiff's reading of *Reeves*:

> Plaintiffs here argue that in considering a motion for summary judgment against them, the court must entirely ignore all testimony by witnesses associated with the defendant. "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, *at least* to the extent that that evidence comes from disinterested witnesses.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, 120 S. Ct. 2097 (2000) (emphasis added, quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2529 at 300 (2d ed.1995)). However, this interpretation of the summary judgment standard both over-reads *Reeves* and leads to absurd consequences. If plaintiffs were correct, there could be no summary judgment for the defendant after the plaintiff makes a prima facie case as the defendant's proffered non-discriminatory reason by necessity has to be provided by defendant's witnesses. *See Manzer v. Diamond Shamrock Chems. Co.,* 29 F.3d 1078, 1084 (6th Cir.1994);

> *see also Reeves,* 530 U.S. at 148-49 (contemplating that at least some evidence provided by the employer may be considered on summary judgment).
>
> Moreover, the summary judgment standard does not require the exclusion of all interested testimony. At summary judgment, the judge may consider all "evidence [favorable to the movant] that the jury is required to believe." Wright & Miller, *supra,* § 2529, at 299. Such evidence includes "uncontradicted and unimpeached evidence from disinterested witnesses," but under some circumstances even the testimony of an "interested witness…must be believed." Wright & Miller, *supra,* § 2527, at 287-88. In particular, "[t]he testimony of an employee of the [movant] must be taken as true when it disclosed no lack of candor, the witness was not impeached, his credibility was not questioned, and the accuracy of his testimony was not controverted by evidence, although if it were inaccurate it readily could have been shown to be so." Wright & Miller, *supra,* § 2527, at 287 n. 9 (citing *Chesapeake & Ohio R.R. v. Martin,* 283 U.S. 209, 216, 51 S. Ct. 453 (1931)). Even the testimony of the moving party that "is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and…is not opposed to the probabilities, nor, in its nature, surprising or suspicious, [need not be] den[ied] conclusiveness." *Chesapeake & Ohio R.R.,* 283 U.S. at 218.

*Almond v. ABB Industrial Systems, Inc.*, 56 Fed. Appx. 672, 675 (6th Cir. 2003).

Utilizing the approach prescribed by the Sixth Circuit, the magistrate judge concluded that Plaintiff had neither produced evidence of similarly situated non-protected employees being treated in a dissimilar manner, nor evidence that Defendants' proffered reasons for placing other employees in the position Plaintiff desired were pretextual. Neither does Plaintiff's objection to the report and recommendation bring to the Court's attention any evidence of similarly-situated coworkers or of pretext.

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety. Defendants Defense Contract Management Agency, the United States of America, and Donald H. Rumsfeld, Secretary of Defense's Motion for Summary Judgment, Doc. 20, is

**GRANTED**.  The Clerk will enter judgment in favor of Defendants and against Plaintiff Terry J. Howard, dismissing the complaint with prejudice.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, June 27, 2005.

/s/ Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE